UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80895-CIV-MIDDLEBROOKS

CPL MEDIA GROUP, INC.,
and MICHELLE LARKIN,

Plaintiff(s)

vs.

IRVING FREIBERG, SCOTT FREIBERG,
ABBEY FREIBERG, ABBEYSCO, LLC, and
LONE STAR BRANDS, LLC,

Defendant(s).
_________________________________________/

**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT AND AFFIRMATIVE DEFENSES**

The Defendants, IRVING FREIBERG ("Irving"), SCOTT FREIBERG ("Scott"), ABBEY FREIBERG ("Abbey"), ABBEYSCO, LLC ("Abbeysco"), and LONE STAR BRANDS, LLC ("Lone Star", collectively with Irving, Scott, Abbey and Abbeysco hereinafter referred to as the "Defendants"), by and through the undersigned counsel, and for their Answer and Affirmative Defenses would respectfully state:

Nature of Actions

1. The allegations as set forth in Paragraph 1 of the Complaint are admitted for jurisdiction purposes only, as to all other matters the allegations set forth in Paragraph 1 are expressly denied.

Jurisdiction and Venue

2. The allegations set forth in Paragraph 2 of the Complaint are admitted for jurisdiction purposes only, as to all other matter the allegations as set forth in Paragraph 2 are denied.

3. The allegations set forth in Paragraph 3 are admitted as for Venue purposes only, as to all other matters the allegations are denied.

Parties

4. The allegations set forth in Paragraphs 4, 5, 6, 7, 8, 9, 10, 11 and 12 are admitted.

General Allegations

5. The allegations set forth in Paragraph 13 are admitted.

6. The allegations set forth in Paragraph 14 are denied.

7. The allegations set forth in Paragraph 15 are admitted.

8. The allegations set forth in Paragraphs 16, 17, 18, 19 and 20 are denied.

9. The Defendants are without knowledge as to the allegations set forth in Paragraph 21, therefore the allegations are denied.

10. The allegations set forth in Paragraphs 22, 23, 24, 25, 26, 27, 28, 29 are denied.

11. The Defendants admit the allegations contained in paragraph number 30 as they relate to the exhibits representing true and correct copies of the respective documents described therein, but deny any remaining allegations commenting on the content of said documents, as said documents "speak for themselves".

12. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraphs 31, 32 and 33, therefore the allegations are denied.

13. The allegations set forth in Paragraph 34 are denied.

14. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraphs 35 and 36, therefore the allegations are denied.

15. The allegations set forth in Paragraphs 37 and 38 are denied.

16. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraphs 39, 40, 41 and 42, therefore the allegations are denied.

17. The allegations set forth in Paragraph 43 and 44 are denied.

18. The allegations set forth in Paragraph 45 as they relate to the registration date, the domain name, to which entity the domain name is registered and that Abbey Freiberg is the manager of Abbeysco the allegations are admitted, but the Defendants deny the remaining allegations commenting on the resemblance of the domain names.

19. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraphs 46 and 47, therefore the allegations are denied.

20. The allegations set forth in paragraph 48 are denied.

21. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 49, therefore the allegations are denied.

22. The allegations set forth in Paragraph 50 as they relate to the registration date, the domain name, to which entity the domain name is registered, that Abbey Freiberg is the manager of Abbeysco and that she holds the e-mail account abbeysco.6@gmail.com, the allegations are admitted, but the Defendants deny all remaining allegations.

23. The allegations set forth in Paragraphs 51 and 52 are denied.

24. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 53, therefore the allegations are denied.

25. The allegations set forth in Paragraph 54 are denied.

26. The Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 55, therefore the allegations are denied.

27. The allegations set forth in Paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65 are denied.

Count I - Unfair Competition by False Advertising

28. The Defendants admit that the Plaintiffs have brought a cause of action for unfair competition by false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a), but for all other purposes the allegations in Paragraph 65 are denied.

29. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 66 as though fully set forth herein.

30. The allegations set forth in Paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75 and 76 are denied.

Count II - Trademark Dilution

31. The Defendants admit that the Plaintiffs have brought a cause of action for trademark dilution in violation of the Lanham Act, 15 U.S.C. §1125, but for all other purposes the allegations in Paragraph 77 are denied.

32. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 78 as though fully set forth herein.

33. The allegations set forth in Paragraphs 79, 80, 81, 82, 83, 84, 85 and 86 are denied.

Count III - Unlawful Interception and Disclosure of Electronic Communications

34. The allegations in Paragraph 87 are denied. The allegations set forth two separate and unrelated causes of action, which the Plaintiffs have attempted to merge into one.

35. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 88 as though fully set forth herein.

36. The allegations set forth in Paragraphs 89, 90, 91, 92, 93 and 94 are denied.

Count IV - Theft of Trade Secrets

37. The Defendants admit that the Plaintiffs have brought a cause of action for Theft of Trade Secrets under Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq*., but for all other purposes the allegations in Paragraph 95 are denied.

38. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 96 as though fully set forth herein.

39. The allegations set forth in Paragraphs 97, 98, 99, 99 (sic) and 100 are denied.

Count V - Theft and Fraud

40. The Defendants admit that the Plaintiffs have brought a cause of action for Theft and Fraud, but for all other purposes the allegations in Paragraph 101 are denied.

41. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 102 as though fully set forth herein.

42. The allegations set forth in Paragraphs 103, 104, 105, 106 and 107 are denied.

Count VI - Unjust Enrichment

43. The Defendants admit that the Plaintiffs have brought a cause of action for Unjust Enrichment, but for all other purposes the allegations in Paragraph 108 are denied.

44. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 109 as though fully set forth herein.

45. The allegations set forth in Paragraphs 110, 111, 112 and 113 are denied.

Count VII - Conspiracy
(Mis-numbered in Complaint as Count VI)

46. The Defendants admit that the Plaintiffs have brought a cause of action for Conspiracy, but for all other purposes the allegations in Paragraph 114 are denied.

47. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 115 as though fully set forth herein.

48. The allegations in Paragraphs 116, 117 and 118 are denied.

Count VIII - Intentional Interference with Contractual Relationships
(Mis-numbered in Complaint as Count VII)

49. The Defendants admit that the Plaintiffs have brought a cause of action for Intentional Interference with Contractual Relationships, but for all other purposes the allegations in Paragraph 119 are denied.

50. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 120 as though fully set forth herein.

51. The allegations set forth in Paragraphs 121, 122, 123, 124 and 125 are denied.

Count IX - Deceptive and Unfair Trade Practices
(Mis-numbered in Complaint as Count VIII)

52. The Defendants admit that the Plaintiffs have brought a cause of action for Deceptive and Unfair Trade Practices pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*., but for all other purposes the allegations in Paragraph 126 are denied.

53. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 127 as though fully set forth herein.

54. The allegations set forth in Paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136 and 137 are denied.

Count X - Conversion
(Mis-numbered in Complaint as Count VIII)

55. The Defendants admit that the Plaintiffs have brought a cause of action for Conversion, but for all other purposes the allegations in Paragraph 138 are denied.

56. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 139 as though fully set forth herein.

57. The allegations in Paragraphs 140, 141 and 142 are denied.

Count XI - Declaratory Judgment
(Mis-numbered in Complaint as Count IX)

58. The Defendants admit that the Plaintiffs have sought Declaratory Relief pursuant to 28 U.S.C. § 2201, but for all other purposes the allegations in Paragraph 143 are denied.

59. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 144 as though fully set forth herein.

60. The allegations set forth in Paragraphs 145, 146, 147, 148 and 149 are denied.

Count XII - Money Lent

61. The Defendants admit that the Plaintiffs have brought a cause of action for Money Lent, but for all other purposes the allegations in Paragraph 150 are denied.

62. The Defendants adopt and re-allege all of their answers to the respective paragraphs re-alleged in Paragraph 152 as though fully set forth herein.[1]

63. The allegations in Paragraphs 153, 154 and 155 are denied.

WHEREFORE, having fully answered the allegations set forth herein, the Defendants respectfully request a dismissal of this action with costs and attorney's fees to be assessed against the Plaintiff and such further and other relief this Court deems just and proper.

[1] The Paragraphs in the Complaint are mis-numbered and skip the Plaintiffs have skipped Paragraph 151.

**FIRST AFFIRMATIVE DEFENSE**

The Defendants' First Affirmative Defense is that the Defendants' website is not an advertisement as is required to be considered a false advertisement under 11 U.S.C. § 1125(a), the websites are the product.

**SECOND AFFIRMATIVE DEFENSE**

The Defendants' Second Affirmative Defense is that the Plaintiffs' do not have a trademark, or famous name, as contemplated under 11 U.S.C. § 1125(c).

**THIRD AFFIRMATIVE DEFENSE**

The Defendants' Third Affirmative Defense is that the Defendants did not intend to intercept the electronic communications of the plaintiffs and in-fact had access to the computer through which any alleged communications were transmitted.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendants' Fourth Affirmative Defense is that the Customer Database the Plaintiffs' allege the Defendants' have stolen is not a Trade Secret, and the lists can be obtained by any party that conducts a similar on-line operation of the Plaintiffs.

**FIFTH AFFRIMATIVE DEFENSES**

The Defendants' Fifth Affirmative Defense is that the Plaintiff's had no contractual relationships with any of the third-parties, which they contend the Defendants allegedly interfered.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendants' Sixth Affirmative Defense is that in the alternative to not having any contractual relationships with the third-parties identified by the Plaintiffs, the contractual relationships were "at will" relationships and therefore cannot be interfered with.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants' Seventh Affirmative Defense is that they reserve the right to assert other affirmative defenses as discovery and investigation continue.

WHEREFORE, the Defendants, Irving Freiberg, Scott Freiberg, Abbey Freiberg, Abbeysco, LLC and Lone Star Brands, LLC, respectfully requests that the Complaint be dismissed with prejudice and with an award of costs and attorneys' fees and such further and other relief this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent in the manner stated this 17th day of September, 2012, to all parties listed below.

Respectfully submitted,

FURR AND COHEN, P.A.
Attorneys for Defendants
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500; (561) 338-7532-fax

By: *s/Charles I. Cohen*
CHARLES I. COHEN
Florida Bar No. 224121
e-mail ccohen@furrcohen.com